**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ROSEMARY MCWHORTER,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| **CREDIT BUREAU OF TIFT COUNTY, INC.,** | **5:22-cv-00237-TES** |
| *Defendant.* | |

**ORDER OF DISMISSAL**

According to the record, the following filings or actions have been made in the above-captioned case:

- Plaintiff Rosemary McWhorter filed her Complaint [Doc. 1] against Defendant Credit Bureau of Tift County, Inc., on June 28, 2022.

- Summons [Doc. 3] issued as to Defendant on July 14, 2022.

- As of September 27, 2022, there was no indication on the record that Plaintiff had served Defendant within the 90-day period proscribed by Federal Rule of Civil Procedure 4(m). *See* [Doc. 4].

- Only after the Court issued an Order to Show Cause [Doc. 4], did Plaintiff file the executed Summons on the record indicating that Defendant was served on September 1, 2022, within Rule 4(m)'s 90-day period. [Doc. 5, p. 2]; [Doc. 4, p. 2 (noting September 26, 2022, as the service deadline)].

- Having been served on September 1, 2022, Defendant had until September 22, 2022, to serve its responsive pleading or a motion under Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 6(a)(1) *in connection with* Fed. R. Civ. P. 12(a)(1)(A).

- Defendant failed to file an answer or motion under Rule 12 within the time affixed by Rule 12(a).

In light of Defendant's failure to respond to Plaintiff's Complaint, Plaintiff submitted her Application [Doc. 7] to the Clerk of Court for an entry of default against Defendant on October 20, 2022. The next day, the Clerk made an Entry of Default on the record. In it, the Clerk stated that

> Plaintiff shall file a motion for default judgment within 21 days. The motion for default judgment shall state whether a hearing is necessary to determine damages, and if a hearing is not necessary, the motion shall include all evidence supporting the damages sought in the motion and a proposed order granting the motion. Failure to comply with this notice may result in this action being dismissed for failure to prosecute.

The 21-day period within which Plaintiff was to file a motion for default judgment expired on November 14, 2022.[1] As of the date of this Order, Plaintiff failed to file a motion for default judgment or otherwise inform the Court of why she could not meet the 21-day deadline. Given than Plaintiff failed to file a motion for default judgment within the 21-day period, she has failed to take any steps to prosecute her case notwithstanding the Clerk's warning that her "[f]ailure to comply . . . may result in this action being dismissed for failure to prosecute."

"The Supreme Court . . . has held that '[t]he authority of a court to dismiss [sua sponte] for lack of prosecution has generally been considered an "inherent power,"

---

[1] Twenty-one days from October 21, 2022, was November 11, 2022. However, November 11, 2022, was Veterans' Day, so Federal Rule of Civil Procedure 6(a)(1)(C) states that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."

governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . .'" *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 262, 630 (1962)). Even though a sua sponte dismissal falls under the Court's inherent power to manage its docket, *see id.*, Federal Rule of Civil Procedure 41(b) provides a rule-based avenue for dismissal in light of this case's procedural history. Fed. R. Civ. P. 41(b).

"If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link*, 370 U.S. at 630–31).[2]

While dismissal with prejudice may be warranted in this case in light of its procedural history, *see, e.g.*, [Doc. 4] *in connection with* [Doc. 5], the Court nonetheless, acting pursuant to its inherent power and Federal Rule of Civil Procedure 41(b) finds that a lesser sanction will suffice, and it **DISMISSES** this action **without prejudice** for failure to prosecute. *See Betty K*, 432 F.3d at 1337–38 (citing *Gratton v. Great Am.*

---

[2] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts . . . ." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

*Commc'ns*, 178 F.3d 1337, 1374 (11th Cir. 1999)) (for the proposition that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable[]"); Fed. R. Civ. P. 41(b).

The Court **DIRECTS** the Clerk of Court to **ENTER** Judgment accordingly and **CLOSE** this case.

**SO ORDERED**, this 22nd day of November, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**